Print Form

SHERIFF'S ENTRY OF SERVICE

**Ex. A**

Superior Court ☐
State Court ☐
Juvenile Court ☐

EFILED IN OFFICE
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2022000228**
**JMS**
**MAY 27, 2022 03:03 PM**

Evonne S. Mull, Clerk
Dougherty County, Georgia

Civil Action No. STSV2022000228

Date Filed 05/05/2022

Georgia, DOUGHERTY COUNTY

TRAVIS TUCK

_____
Plaintiff

Attorney's Address

Morgan & Morgan/ Attn: R. Walker Garrett

408 12th Street, Suite 200

Columbus, GA 31901

VS.

JOEY SANDERS, et al.

_____
Defendant

Name and Address of Party to Served

Joey Sanders

192 Herring Road

Sylvester, Georgia 31791

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _Joey Sanders_ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☒ Delivered same into hands of _Shirley Sanders_ described as follows:
age, about _55_ years; weight _150_ pounds; height _5_ feet and _8_ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation
☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _27_ day of _May_, 2022

DEPUTY

CLERK'S COPY

MAY 23 2022

**EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2022000228**
**JMS**
**MAY 05, 2022 11:28 AM**

Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TRAVIS TUCK, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO.: _____ |
| | ) | |
| JOEY SANDERS and | ) | |
| ALBANY AND ALABAMA | ) | |
| INDUSTRIES, INC. | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Travis Tuck, and makes and files this Complaint for Damages against Defendants Joey Sanders and Albany and Alabama Industries, Inc. as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff is a citizen of the State of Florida and by bringing this action, subjects himself to the jurisdiction of this court.

2.

Defendant Joey Sanders (hereinafter "Defendant Sanders") is domiciled in Georgia and is subject to the jurisdiction of this Court for the reason that Defendant Albany and Alabama Industries, Inc. is located in Dougherty County, Georgia. Defendant may be served with process at 192 Herring Road, Sylvester, Worth County, Georgia 31791.

3.

Defendant Joey Sanders is subject to the jurisdiction of this court.

4.

Defendant Joey Sanders has been properly served with process in this action.

5.

Defendant Albany and Alabama Industries, Inc. is a domestic corporation existing under the laws of the state of Georgia and may be served through its registered agent, Rodney Scott Ricks, at 204 Byron Plantation Road, Albany, Dougherty County, Georgia 31721.

6.

Defendant Albany and Alabama Industries, Inc. is subject to the jurisdiction of this court.

7.

Defendant Albany and Alabama Industries, Inc. has been properly served with process in this action.

## BACKGROUND

8.

On or about June 10, 2021, Plaintiff Travis Tuck was operating his 2015 Audi A2 in a prudent and careful manner and was turning onto N Slappey Blvd in Dougherty County, Georgia.

9.

On the above-mentioned date and time, Defendant Sanders was operating a 2007 Chevrolet Express Van owned by Defendant Albany and Alabama Industries, Inc., and was traveling through the intersection of Liberty Expressway and N Slappey Blvd in Dougherty County, Georgia, when he negligently, recklessly, carelessly and unlawfully ran a red light, causing his vehicle to collide with Plaintiff's vehicle.

10.

On the above-mentioned date and time, Defendant Sanders was an agent or employee of Defendant Albany and Alabama Industries, Inc. and working within the scope of his employment.

11.

On the above-mentioned date and time, Defendant Sanders was operating the 2007 Chevrolet Express Van on behalf of Defendant Albany and Alabama Industries, Inc..

12.

At the time of the incident, Defendant Sanders had Defendant Albany and Alabama Industries, Inc.'s express or implied permission to operate the 2007 Chevrolet Express Van on behalf of Defendant Albany and Alabama Industries, Inc..

13.

Defendant Albany and Alabama Industries, Inc. should have been aware of Defendant Sanders's unsafe driving habits.

## **COUNT 1**
## **NEGLIGENCE: JOEY SANDERS**

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

The collision was caused by the negligence of Defendant Sanders.

16.

At all times relevant hereto, Defendant Sanders owed a duty of care to Plaintiff to operate his vehicle in accordance with ordinary care and diligence, as defined under O.C.G.A. § 51-1-2, and Defendant Sanders breached that duty to which he owed to Plaintiff.

17.

At all relevant times, Defendant owed certain civil duties to Plaintiff, and, notwithstanding those duties, the Defendant did violate them in the following particulars:

a.      In negligently operating the 2007 Chevrolet Express Van;

b.      In wantonly causing or allowing the 2007 Chevrolet Express Van to collide with the Plaintiff;

c.      In failure to obey traffic control devices, in violation of O.C.G.A. § 40-6-20;

d.      In operating the 2007 Chevrolet Express Van in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and,

e.      In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

18.

Defendant Sanders's negligence is a proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT 2
## NEGLIGENCE: ALBANY AND ALABAMA INDUSTRIES, INC.

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

At all relevant times, Defendant Sanders was employed by Defendant Albany and Alabama Industries, Inc. and was acting within the scope of his employment at the time of the accident.

21.

Defendant Sanders negligently maintained the aforementioned 2007 Chevrolet Express Van.

22.

Defendant Albany and Alabama Industries, Inc. had knowledge that Defendant Sanders was incompetent to drive or habitually reckless and allowed him access to the motor vehicle anyway.

23.

Defendant Albany and Alabama Industries, Inc. failed to conduct proper background checks before hiring Defendant Sanders and allowed him access to its motor vehicle anyway.

24.

Defendant Albany and Alabama Industries, Inc. negligently hired Defendant Sanders despite the fact that Defendant Sanders was incompetent to drive and habitually reckless and allowed him access to its 2007 Chevrolet Express Van anyway.

25.

Defendant Albany and Alabama Industries, Inc. is liable for the acts and omissions of Defendant Sanders as Defendant Albany and Alabama Industries, Inc.' agent and employee at the time of the collision-in-suit under the theory of *respondeat superior*.

26.

Defendant Albany and Alabama Industries, Inc.'s negligent act of allowing Defendant Sanders to operate its vehicle was the proximate cause of this wreck.

## COUNT 3:
## NEGLIGENT HIRING, TRAINING & SUPERVISION

27.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

28.

Defendant Albany and Alabama Industries, Inc. was negligent in hiring, screening, employing, training and supervising Defendant Joey Sanders and entrusting him to operate their 2007 Chevrolet Express Van.

29.

Defendant Albany and Alabama Industries, Inc. was negligent in failing to properly train Defendant Joey Sanders.

30.

Defendant Albany and Alabama Industries, Inc. was negligent in failing to properly supervise Defendant Sanders.

31.

Defendant Albany and Alabama Industries, Inc.'s negligence in hiring Defendant Sanders and entrusting him with operating their 2007 Chevrolet Express Van and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

32.

Defendant Albany and Alabama Industries, Inc. is liable for tortuously failing to properly instruct, train and supervise Defendant Sanders as its employee and/or agent.

**COUNT 5:**
**DAMAGES**

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained personal injuries, special damages, and general damages for which he is entitled to be compensated by Defendants in an amount to be determined at trial.

35.

As a direct and proximate result of the combined and concurrent negligent acts and omissions of all Defendants, Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatment, the exact amount to be proven at trial.

36.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

37.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendants, Plaintiff Tuck suffered substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body and nervous system, personal inconvenience, plus an inability to lead a normal life.  As a result of the subject collision, Plaintiff has incurred in excess of $38,844.37 in past medical expenses.

WHEREFORE, Plaintiff prays that he has a trial on all issues and judgment against defendants as follows:

(a) Summons and Complaint be served upon Defendants according to the law;

(b)    Plaintiff recover from Defendant a sum of damages to compensate him for his injuries and damages, including, but not limited to, his medical expenses (past and future), and

pain and suffering (past, present, and future), and lost wages;

(c)    That Plaintiff recover for physical and mental pain and suffering in an amount to be

determined by the enlightened conscience of a jury;

(d) All costs of this action be taxed against Defendants; and

(e) That Plaintiff recover such other and further relief as is just and proper.

Respectfully submitted this 5th day of May, 2022.


By:    */s/ R. Walker Garrett*
R. Walker Garrett
Attorney for Plaintiff
Georgia Bar No. 626132

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA
**STSV2022000228**
**JMS**
**MAY 05, 2022 11:28 AM**

Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TRAVIS TUCK, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO.: _____ |
| | ) | |
| JOEY SANDERS and | ) | |
| ALBANY AND ALABAMA | ) | |
| INDUSTRIES, INC. | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## CERTIFICATE OF SERVING DISCOVERY MATERIAL

COMES NOW, Plaintiff herein, and pursuant to the local rules of court hereby certifies that a true and correct copy of the following documents were served upon defendant via hand delivery attached to Summons and Complaint:

1.   PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT JOEY SANDERS

2.   PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOEY SANDERS

3.   PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ALBANY AND ALABAMA INDUSTRIES, INC.

4.   PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALBANY AND ALABAMA INDUSTRIES, INC.

Respectfully submitted this 5th day of May, 2022.

By:     */s/ R. Walker Garrett*
         R. Walker Garrett
         Attorney for Plaintiff
         Georgia Bar No. 626132

Morgan & Morgan Atlanta, PLLC
408 12th Street, Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228

EFILED IN OFFICE
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA
**STSV2022000228**
JMS
MAY 05, 2022 11:28 AM

Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TRAVIS TUCK, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO.: _____ |
| | ) | |
| JOEY SANDERS and | ) | |
| ALBANY AND ALABAMA | ) | |
| INDUSTRIES, INC. | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT ALBANY AND ALABAMA INDUSTRIES, INC.

COMES NOW Plaintiff in the above-styled action and serve these Interrogatories upon the Defendant, ALBANY AND ALABAMA INDUSTRIES, INC. ("GENE EVANS") as an opposite party and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9 11-26 and 9-11-33. These interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or that there be any other witness(es) or evidence. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.        "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.        "Occurrence" refers to the collision forming the basis of the Complaint.

4.        (a)        "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)        "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## INTERROGATORIES

### 1.

Please describe the relationship between ALBANY AND ALABAMA INDUSTRIES, INC. and JOEY SANDERS.

### 2.

For each and every request for admission that you did not admit in its entirety, please provide in detail the factual basis supporting your failure to admit the request.

3.

Please identify by Manufacturer, make, model, year and Vehicle Identification Number (VIN) all vehicles operated by this Defendant on June 10, 2021.

4.

Please identify by Manufacturer, make, model, year and Vehicle Identification Number (VIN) all vehicles currently operated by this Defendant.

5.

State the names and addresses of the following officers and employees of this Defendant: President; Treasurer; Safety Director; Personnel Director; and all persons who have investigated the subject collision or discussed the subject collision with ALBANY AND ALABAMA INDUSTRIES, INC. and/or Joey Sanders, driver of the vehicle involved in this collision.

6.

Please state whether Defendant is a common carrier, contract carrier or a private carrier, the date of incorporation of Defendant, state of incorporation, list the addresses of the principal places of business of this Defendant, and whether this Defendant is a subsidiary or parent of another company, if so, please state the full name and address of the other company.

7.

State whether there are one or more policies of insurance extending coverage to you or whether you are a party to or beneficiary of any agreement or contract, by which any person is or may be obligated to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse any person for any cost, expense or payment made in connection with this action.  If so, for each such policy of insurance, agreement or contract (specifying which), state the name and current address of each person who is a party or beneficiary (specifying which), the effective dates or date of execution, the substance and content, the applicable limits of liability coverage, and the name and current address of the person(s) having possession thereof.

8.

With regard to each policy of insurance identified in answer to Interrogatory No. 3, state whether the insurer has undertaken to defend you in this action, whether the insurer has acknowledged or extended coverage with respect to the collision-in-suit, and whether the insurer has undertaken to defend you in this action under a reservation of rights or non-waiver agreement.

9.

Who was the owner of the subject vehicle, at the time of this wreck?  Please give the full name and address of the owner.

10.

If you were not the owner of the subject vehicle involved in this wreck, please state whether these vehicles were being operated by Defendant under a lease at the time of the wreck and state whether the lease was a permanent or trip lease.

11.

Identify all vehicle leases, subleases, trip leases, or other leasing or sharing arrangements involving the tractor or trailer (including any container or chassis, if applicable) driven by JOEY SANDERS from 30 days prior to the subject collision to 30 days subsequent to the collision.

12.

State whether this Defendant admits that the driver of the subject vehicle, JOEY SANDERS, negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for contesting liability.

13.

Has JOEY SANDERS ever been cited by the Department of Transportation, Public Service Commission or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, please state for each instance:

(a)    The date of the violation;

(b)    A description of the violation;

(c)    The location where the violation occurred;

(d)    The agency issuing the citation;

(e)    The ultimate disposition of the charges.

14.

Do you contend that the plaintiff caused or contributed to the collision in question? If so, state with particularity each and every contention made in this regard.

15.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issue of liability or damages in this case. Please include a brief description of the nature of such person's knowledge. (For example: eyewitness, investigating police officer, medical personnel, etc.)

16.

State whether the tractor involved in the collision contained or utilized an on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad,

ECM or device known by any other name that records information concerning the operation of the tractor.

17.

Please state whether any of the above witnesses gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of her or her knowledge of any information relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s).

18.

Please describe the method by which you compensate your drivers (i.e., by the hour, by the miles traveled, by the load, commissions, salary, etc.) and any variations for the Defendant driver's pay at the time of the wreck.

19.

Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to the Plaintiff and Plaintiff's decedent's health condition prior to or subsequent to the collision in this case, information relative to his physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

20.

Please explain the nature of the employment relationship between the driver of the subject vehicle, involved in this collision and this Defendant, including the date the employment relationship began, whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

21.

With respect to the driver of the subject vehicle involve in this occurrence, please state the following:  his Date of Birth; Social Security number; Driver's license number and state of issuance; his present home address; all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code; his mode of compensation.

22.

Please state whether Defendant maintains driver qualifications and describe each one.

23.

At any time prior to this wreck, did JOEY SANDERS ever fail to meet any one of these driver qualifications?  If so, please state which one(s) and on what date he failed to meet the qualification(s).

24.

Please identify the following individuals as of the date of the occurrence and at present:

(a)    Person(s) responsible for the inspection, maintenance, and repair of the subject vehicle;

(b)    Safety Director;

(c)    Person(s) responsible for training employees/drivers, including Defendant JOEY SANDERS;

(d)    Person(s) responsible for interviTuck and/or hiring employees/drivers, and specifically driver JOEY SANDERS; and

(e)    Person(s) responsible for supervising drivers, including JOEY SANDERS.

25.

Please state whether this Defendant, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant hires or allows to drive vans.  If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained.  Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the van involved in the subject occurrence.

26.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insurers.

27.

Please give a detailed history of any inspections, maintenance, and repairs of the subject vehicle which was involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

28.

State the point of origin, destination and reason for the trip being made by the defendant at the time of the incident referred to in the complaint.

29.

In regard to the load being transported at the time of the collision by JOEY SANDERS, identify:

(a)     Where the load originated;

(b)     The contents thereof;

(c)     The weight of said load;

(d)     The final destination of the load;

(e)     Any contracts, bills of lading, shipment documents, consignment forms, fax correspondence or other writings pertaining to the transportation of said load.

30.

Please identify any person that this Defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:  identify the subject matter of which the person is expected to testify; identify the substance of the facts and opinions as to which the person is expected to testify;  summarize the grounds for such opinions; and identify all documents and professional references upon which such person may base her or her testimony and opinions.

31.

As to this Defendant's subject vehicle, involved in the occurrence, please state the following information:  Manufacturer, make, model, year, and Vehicle Identification Number (if incorrect); person or entity to whom the subject vehicle was titled as of the date of the occurrence and at present; present location of the subject vehicle; gross vehicle rating of the subject vehicle; and wheel base measurements.

32.

Please state whether any inspection of the subject vehicle was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection.  Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the subject vehicle.

33.

Please state whether at the time and place of the subject occurrence, JOEY SANDERS was an employee/servant of this Defendant acting within the course and scope of his employment for this Defendant. If your answer to this interrogatory is in any way in the negative, please also state the facts which support such response.

34.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by JOEY SANDERS on the date of the incident.

35.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject occurrence and/or any of Plaintiff's injuries. Please supply any statutory authority in support of these contentions, and identify any evidence that supports these contentions.

36.

Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence.  As to each item, please state the following:  the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

37.

Please state whether or not an accident/incident report was made by this Defendant or any of your representatives in connection with the subject occurrence, and if so, the place where such report is located.

38.

Did you conduct a post-accident alcohol and controlled substance test on JOEY SANDERS? If so, please state:

(a)      The date of testing;

(b)      Who performed the test;

(c)      Where the test was performed;

(d)      The results of the test.

39.

If post-accident testing was not performed on JOEY SANDERS, please state the reasons such testing did not occur.

40.

Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by JOEY SANDERS, his destination, and from where he left, the time and date se left and the time and date he reached his destination. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

41.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Requests for Production of Documents.

42.

Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

43.

Please detail the factual and legal basis for each defense pled in this Defendant's answer.

44.

Please identify and describe each document filed by or on behalf of ALBANY AND ALABAMA INDUSTRIES, INC. with a state or government agency, or received from a state or federal agency, including, but not limited to, certificates of insurance, MC90, insurance cancellation notifications, certificate of authority, and licenses or permits.

Respectfully submitted this 5th day of May, 2022.

By:     */s/ R. Walker Garrett*
        R. Walker Garrett
        Attorney for Plaintiff
        Georgia Bar No. 626132

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TRAVIS TUCK, | ) | |
|     Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO.: _____ |
| | ) | |
| JOEY SANDERS and | ) | |
| ALBANY AND ALABAMA | ) | |
| INDUSTRIES, INC. | ) | JURY TRIAL DEMANDED |
|     Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALBANY AND ALABAMA INDUSTRIES, INC.

COMES NOW Plaintiff in the above-styled action and hereby requests that Defendant ALBANY AND ALABAMA INDUSTRIES, INC. ("GENE EVANS") produce the following documents pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Law Firm of MORGAN & MORGAN ATLANTA, PLLC, 408 12th Street – Suite 200, Columbus, Georgia 31901, or at such other time, date, and location agreed to by counsel for Defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not

appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "Person" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3. "Occurrence" refers to the collision made the basis of the Complaint.

4. (a) "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## REQUESTS FOR PRODUCTION

### 1.

Please produce all documents in your possession, custody or control which you provided to, or received from the Federal Motor Carrier Safety Administration.

### 2.

Please produce all documents in your possession, custody or control which you provided to, or received from the Georgia Public Safety Commission.

### 3.

Please produce any citations, reports, correspondence, records or other documents from any city, county or state agency regarding your drivers, or your operation as a Motor Carrier.

### 4.

Please produce a copy of the corporate bylaws and articles of incorporation.

### 5.

Please produce any documents in your custody, possession or control regarding the business relationship of JOEY SANDERS and ALBANY AND ALABAMA INDUSTRIES, INC.

6.

Please produce copies of all witness statements obtained from any person about any information relevant to any issue in this lawsuit or the subject collision, including, but not limited to, the issues of liability or damages.

7.

Please produce copies of any photographs, still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and/or concerning any of the issues relevant in this lawsuit, to include, but not be limited to, the issues of liability and damages.

8.

Please produce a copy of any incident reports prepared by any agent, employee, or officer on behalf of this Defendant concerning the subject collision.

9.

Please produce a complete copy of all policies of insurance (to include the Declarations pages) which do or may afford liability insurance coverage to this Defendant with respect to Plaintiff's claims against this Defendant. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

10.

Please produce copies of all reports or opinions received from any experts who have investigated any issue relevant to the subject collision relevant to this lawsuit. Also, please produce all materials relied upon by each expert in formulating his or her opinions and conclusions.

11.

Please produce a copy of the employment file for Defendant JOEY SANDERS, including but not limited to any contract between Defendant driver and ALBANY AND ALABAMA INDUSTRIES, INC.

12.

Please produce a copy of the paycheck, paycheck stub, time card, and any documentation of time worked by the Defendant driver for the time period during which this collision occurred.  This request includes copies of any materials which reflect any expenses (such as mileage, gas, etc.) which are reimbursed.

13.

Please produce a copy of the insurance card, cab registration card, and any other documentation provided by Defendant driver to the investigating officer or any other person at the time of the wreck or any time thereafter.

14.

Please produce a copy of the logs for trips made by the Defendant driver for the fourteen days prior to the subject collision, the date of said collision, and the seven days subsequent to said collision.

15.

Please produce a copy of any and all instructions manuals, employee rules, regulations, or any driver/employee handbook provided to Defendant driver or any handbook in force and effect for drivers of this Defendant at the time of the subject collision.

16.

Please produce a copy of all company hiring policies and procedures at the time Defendant JOEY SANDERS was hired.

17.

Please produce a copy of all company manuals covering van safety, maintenance, fleet safety programs, and driver's standards from the time Defendant JOEY SANDERS was hired through the time of this wreck.

18.

Please produce a copy of the accident review procedures or rules adopted by the company to determine whether any accident is chargeable or non-chargeable, preventable or non-preventable, which were in effect at the time of the subject collision.

19.

Please produce a complete copy of the driver qualification file and your personnel file maintained concerning the Defendant driver, JOEY SANDERS, involved in the subject collision.

20.

Please produce copies of any and all trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect information concerning the trip being made by the Defendant driver at the time the subject collision occurred to include documents relevant to said trip from the time the trip originated until the time the trip was to end, including but not limited to:

a.    Copy of all tachometer records;

b.    Copy of all on-board computer records;

c.    Copy of all dispatch records;

d.    Copy of all fax transmissions between the driver, his employer and any agent or broker;

e.    Copy of all telephone records;

f.    Copy of all mobile radio records;

g.    Copy of all pro-rate records;

h.    Copy of all wrecker or tow truck records;

i.    Copy of van and trailer license;

j.    Copy of all pick-up and delivery records;

k.    Copy of all trip summaries;

l.    Copy of all delivery manifests;

m.    Copy of all credit card receipts;

n.    Copy of all toll tickets;

o.    Copy of all state entry and departure records;

p.    Copy of registration and title to the van;

q.    Copy of all expense sheets;

r.    Copy of all manifests and waybills;

s.    Copy of the accident register;

t.    Copy of all trip reports;

u.    Copy of JOEY SANDERS's Commercial Drivers' and/or Drivers' License;

v.    Copy of all records generated by on-board recording devices with which the van was equipped at the time of the accident;

w.    Trip Logs;

x.    Mileage Sheets;

y.    In-service hours;

z.    Tripometer results; and,

aa.    Any correspondence of any kind to and from any governmental agency pertaining to the subject vehicle and/or the driver.  This request includes, but is not limited to, any correspondence between any governmental or law enforcement office and the driver or employer concerning the June 10, 2021 accident.

21.

Please produce any report or statement, whether oral or in words by JOEY SANDERS concerning the collision and given to this Defendant, the police, any insurer, or any other person concerning the collision set forth in the Complaint.

22.

Please produce a complete copy of maintenance records, repair records, and inspection records on the subject vehicle, involved in the subject collision. This request includes any documents, photographs, videos, or any other reports or records concerning the maintenance, repair, and inspection of the subject van both prior to and after the date of the collision that is the subject of Plaintiff's Complaint.

23.

Please produce copies of any and all reports, repair bills, work orders, videotapes, photographs, or other documentation or evidence of any kind which depict, demonstrate, or relate to the nature of the damage done to the subject vehicle, in the subject collision and who repaired the van after the subject collision.

24.

Please produce copies of any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

25.

Please produce copies of any and all evidence in your possession to include documents, medical condition, photographs, sound or video recordings, or any documentation by any other name, that concerns Plaintiff and/or Plaintiff's decedent's physical or medical condition, injuries, or damages that have not been supplied to you by Plaintiff's counsel.

26.

Please produce copies of any and all documents obtained or generated as a result of JOEY SANDERS driving for this Defendant or its agents, officers, and employees or generated for consideration of JOEY SANDERS as a driver for this Defendant.

27.

Please produce any and all documents that in any way pertain to JOEY SANDERS's qualifications (or lack thereof) to drive professionally for this Defendant to include prior references, previous collisions or motor vehicle collisions, reprimands, criticisms, or any other information that reflects negatively or positively upon said driver's driving or driving ability.

28.

Please produce a copy of any documentation of any kind received by this Defendant from any person, corporation, or insurer relative to the performance of JOEY SANDERS as a van driver to include criticisms, reprimands, infractions, discharges, firings, or other commentary concerning JOEY SANDERS's work or background as a driver from the time he first drove for this Defendant to include, but not be limited to, the date of the collision and any information received concerning the requested subject matter subsequent to said collision.

29.

Please produce copies of all motor vehicle reports or reports of any kind received from any private corporation or individual, or other business entity, or any governmental entity relative to the driving history, driving record, and driving infractions of JOEY SANDERS.

30.

Please produce copies of any and all citations received by the Defendant driver from any law enforcement officer to include citations relevant to any violation of any law, ordinance, or rule of road of any state as a result of this collision.

31.

Please produce copies of any and all information sent to or received from or through any of your insurers concerning the collision giving rise to this litigation including, but not limited to, documents in the possession of your liability insurance carrier with respect to the issue of liability in this case.

32.

Please produce a copy of any reservation of rights letter or other documentation of any kind received from any insurer that purports to question, deny, or defend under a reservation of rights the insurance coverage and claim that forms the basis for Plaintiff's Complaint.

33.

Please produce copies of any and all medical reports, medical tests, alcohol or drug screens, or tests of any other kind by any other name performed upon the driver of the Defendant's vehicle(s), involved in the subject collision by any medical provider or law enforcement agency either prior to, subsequent to, or as a result of the collision that forms the basis for Plaintiff's Complaint.

34.

Please produce a copy of all rental contracts and/or lease contracts between you and the owner of the subject vehicle.

35.

Please produce copies of all out of service orders and/or repair invoices during the period the subject vehicle was operated on your behalf.

36.

Please produce for inspection and copying by the plaintiff copies of the bill of sale, title and any other documents relating to the ownership of the tractor and trailer (including container or chassis, if applicable) driven by JOEY SANDERS on the date of the incident referred to in the complaint.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Please produce for inspection and copying by the plaintiff, a copy of JOEY SANDERS'S qualification file, including but not limited to:

(a)      Application for employment;

(b)      Copy of his/her CDL license;

(c)      Driver's certification of prior motor vehicle accidents;

(d)      Driver's certification of prior violations of motor vehicle laws;

(e)      Driver's prior employment history;

(f)      Carrier's inquiry into his/her driving record;

(g)      Carrier's inquiry into his/her employment record;

(h)      Documents regarding carrier's annual review of his/her driving record;

(i)      Response of each state agency to carrier's annual inquiry concerning his/her driving record;

(j)      Certification of driver's road test;

(k)      Medical examiner's certificate;

(l)      Statement setting forth in detail any denial, revocation or suspension of any license, permit or privilege to operate a motor vehicle;

(m)      Training certificates and training documents;

(n)      Drug testing records;

(o)      Any other documents.

In lieu of this, you may attach copies thereof to your answers to these interrogatories.

38.

Please produce for inspection and copying by the plaintiff, copies of cellphone records showing incoming and outgoing calls, texts and messages for the date of the incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

Respectfully submitted this 5th day of May, 2022.

By:    */s/ R. Walker Garrett*
       R. Walker Garrett
       **Attorney for Plaintiff**
       Georgia Bar No. 626132

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228

**EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2022000228**
**JMS**
**MAY 05, 2022 11:28 AM**

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

TRAVIS TUCK,                              )
     Plaintiff,                         )        CIVIL ACTION
                      )
vs.                                      )        FILE NO.: _____
                      )
JOEY SANDERS and                         )
ALBANY AND ALABAMA                       )
INDUSTRIES, INC.                         )        JURY TRIAL DEMANDED
     Defendants.                       )

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
### DEFENDANT ALBANY AND ALABAMA INDUSTRIES, INC.

COMES NOW Plaintiff and hereby requests that Defendant ALBANY AND ALABAMA INDUSTRIES, INC. admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privilege claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

### REQUESTS FOR ADMISSIONS

1.

Please admit that this Defendant was personally served with a copy of the Summons and Complaint in the above-styled action.

2.

Please admit that this Defendant has been properly served with process in this action.

3.

Please admit that this Defendant raises no defense as to insufficiency of process or insufficiency of service of process in this action.

4.

Please admit that venue as to this Defendant is proper in Dougherty County, Georgia.

5.

Please admit that this Court has jurisdiction over this Defendant for the purpose of this lawsuit.

6.

Please admit that Defendant Sanders was an employee of Defendant Albany and Alabama Industries, Inc. at the time of the June 10, 2021 collision-in-suit.

7.

Please admit that at the time of the collision-in-suit, Defendant Joey Sanders was operating a 2007 Chevrolet Express Van in the course and scope of his employment with Defendant Albany and Alabama Industries, Inc.

8.

Please admit that Defendant Albany and Alabama Industries, Inc. is liable under the doctrine of Respondeat Superior for negligent acts or omissions of Defendant Joey Sanders, if any, at the time of the subject collision.

9.

Please admit that Defendant Albany and Alabama Industries, Inc. was the owner or operator of the 2007 Chevrolet Express Van at the time of the June 10, 2021 collision-in-suit.

10.

Please admit that at the time of the collision-in-suit, Defendant Joey Sanders was traveling north on N Slappey Blvd.

11.

Please admit that at the time of the collision-in-suit, Plaintiff Travis Tuck was traveling north on N Slappey Blvd.

12.

Please admit that Defendant Joey Sanders failed to stop at a red light causing his vehicle to strike the vehicle being operated by Plaintiff.

13.

Please admit that on June 10, 2021, Albany and Alabama Industries, Inc. was insured by Central Mutual Insurance Company.

14.

Please admit that Central Mutual Insurance Company issued a policy of insurance in which Albany and Alabama Industries, Inc. was an insured with effective dates of coverage inclusive of June 10, 2021.

15.

Please admit that on June 10, 2021, Albany and Alabama Industries, Inc. was insured under policy number BAP 9948458 12.

16.

Please admit that Albany and Alabama Industries, Inc. policy number BAP 9948458 12 provides primary coverage for bodily injury and property damage claims.

17.

Please admit that Albany and Alabama Industries, Inc. policy number BAP 9948458 12 provides coverage for the negligent acts or omissions, if any, of Defendant Joey Sanders arising from the subject June 10, 2021 collision-in-suit.

18.

Please admit that Albany and Alabama Industries, Inc. policy number BAP 9948458 12 provides coverage for the negligent acts or omissions, if any, of Defendant Joey Sanders arising from the subject June 10, 2021 collision-in-suit.

19.

Please admit that Albany and Alabama Industries, Inc. is registered with the Georgia Secretary of State.

Respectfully submitted this 5th day of May, 2022.

By:     /s/ R. Walker Garrett
        R. Walker Garrett
        Attorney for Plaintiff
        Georgia Bar No. 626132

Morgan & Morgan Atlanta, PLLC
408 12th Street – Suite 200
Columbus, Georgia 31901
Phone:  (706) 324-1227
Fax:  (706) 324-1228

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TRAVIS TUCK, | ( | |
| | ( | |
| Plaintiff, | ( | CIVIL ACTION FILE |
| | ( | NO. <u>STSV2022000228</u> |
| v. | ( | |
| | ( | |
| JOEY SANDERS and | ( | |
| ALBANY AND ALABAMA | ( | |
| INDUSTRIES, INC. | ( | |
| | ( | |
| Defendants. | ( | |

**DEFENDANT JOEY SANDERS'**
**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Defendant Joey Sanders ("Sanders") by and through counsel of record,

files this, his Answer and Affirmative Defenses to Plaintiff's Complaint and shows the Court as

follows:

**FIRST DEFENSE**

Pending additional investigation and discovery, Plaintiff's damages, if any, may not have

been proximately caused by this Defendant.

**SECOND DEFENSE**

Venue is improper for this Defendant.

**THIRD DEFENSE**

In the event that any benefits have been paid by or on behalf of this Defendant, this

Defendant is entitled to set off any verdict by the amount of benefits paid.

**FOURTH DEFENSE**

Plaintiff's damages must be reduced to the extent that Plaintiff have failed to properly

mitigate their damages.

## FIFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed reasonable and customary amounts.

## SIXTH DEFENSE

Plaintiffs are not entitled to any special damages to the extent that Plaintiff have failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

## SEVENTH DEFENSE

Plaintiff's damages must be reduced to the extent that the alleged injuries of Plaintiff are the result of pre-existing injuries or otherwise unrelated conditions.

## EIGHTH DEFENSE

Plaintiff is not entitled to attorney's fees and/or litigation expenses under the facts of this case.

## NINTH DEFENSE

Pending further investigation and discovery, this Defendant reserves the right to assert any and all affirmative defenses available under Georgia law.

## TENTH DEFENSE
## RESPONSIVE PLEADINGS

Defendant Sanders responds to the allegations in the numbered paragraphs of Plaintiffs' Complaint as follows:

1.

Defendant Sanders is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

2

2.

Defendant Sanders admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant Sanders is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

4.

Defendant Sanders admits the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

Defendant Sanders is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

6.

Defendant Sanders is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

7.

Defendant Sanders is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

## **Background**

8.

Defendant Sanders is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

9.

Defendant Sanders admits that the vehicle he was driving is correctly identified and that he ran a red light causing his vehicle to collide with Plaintiff's vehicle. The remaining allegations contained within Paragraph 9 of Plaintiff's Complaint are denied.

10.

Defendant Sanders admits the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

Defendant Sanders admits the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

Defendant Sanders admits the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.

Defendant Sanders denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

## Count 1
## Negligence: Joey Sanders

14.

Defendant Sanders incorporates by reference his responses to Paragraphs 1 - 13 of Plaintiff's Complaint.

15.

Paragraph 15 calls for a legal conclusion and not an admission of fact and therefore no response is required from Defendant Sanders.

16.

Defendant Sanders denies the allegations of Paragraph 16, as pled.

17.

Defendant Sanders denies the allegations of Paragraph 17, including those allegations contained in subsections a. through e.

18.

Paragraph 18 calls for a legal conclusion and not an admission of fact and therefore no response is required from Defendant Sanders.

## Count 2
## Negligence: Albany and Alabama Industries, Inc.

19.

Defendant Sanders incorporates by reference its responses to Paragraphs 1 - 18 of Plaintiff's Complaint.

20.

Paragraph 20 calls for a legal conclusion and not an admission of fact and therefore no response is required from Defendant Sanders. To any extent that Paragraph 20 calls for a response, Defendant Sanders is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, cannot admit or deny same.

21.

Defendant Sanders denies the allegations contained within paragraph 21 of Plaintiff's Complaint.

22.

Defendant Sanders denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

Defendant Sanders denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

Defendant Sanders denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Paragraph 25 calls for a legal conclusion and not an admission of fact and therefore no response is required from Defendant Sanders. To any extent that Paragraph 25 calls for a response, Defendant Sanders denies the allegations contained within Paragraph 25 of Plaintiff's Complaint, as pled.

26.

Paragraph 26 calls for a legal conclusion and not an admission of fact and therefore no response is required from Defendant Sanders. To any extent that Paragraph 26 calls for a response, Defendant Sanders denies the allegations contained within Paragraph 26 of Plaintiff's

Complaint.

## Count 3
## Negligent Hiring, Training and Supervision

27.

Defendant Sanders incorporates by reference its responses to Paragraphs 1 – 26 of
Plaintiff's Complaint.

28.

Defendant Sanders denies the allegations contained within Paragraph 28 of Plaintiff's
Complaint.

29.

Defendant Sanders denies the allegations contained within Paragraph 29 of Plaintiff's
Complaint.

30.

Defendant Sanders denies the allegations contained within Paragraph 30 of Plaintiff's
Complaint.

31.

Paragraph 31 calls for a legal conclusion and not an admission of fact and therefore no
response is required from Defendant Sanders. To any extent that Paragraph 31 calls for a
response, Defendant Sanders denies the allegations contained within Paragraph 31 of Plaintiff's
Complaint.

32.

Paragraph 32 calls for a legal conclusion and not an admission of fact and therefore no
response is required from Defendant Sanders. To any extent that Paragraph 32 calls for a

response, Defendant Sanders denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

## Count 5[1]
## Damages

33.

Defendant AAI incorporates by reference its responses to Paragraphs 1 – 32 of Plaintiff's Complaint.

34.

Paragraph 34 calls for a legal conclusion and not an admission of fact and therefore no response is required from Defendant Sanders. To any extent that Paragraph 34 calls for a response, Defendant Sanders denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

Paragraph 35 calls for a legal conclusion and not an admission of fact and therefore no response is required from Defendant Sanders. To any extent that Paragraph 35 calls for a response, Defendant Sanders denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.

Paragraph 36 calls for a legal conclusion and not an admission of fact and therefore no response is required from Defendant Sanders. To any extent that Paragraph 36 calls for a response, Defendant Sanders denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

---

[1] The Complaint does not appear to contain a Count 4.

37.

Paragraph 37 calls for a legal conclusion and not an admission of fact and therefore no response is required from Defendant Sanders. To any extent that Paragraph 37 calls for a response, Defendant Sanders denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38.

Defendant Sanders denies each and every allegation set forth in Plaintiff's Complaint to which it has not previously responded, including, but not limited to, the allegations set forth in the prayer for relief Paragraph, including subparagraphs (a) through (e).

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Respectfully submitted this 24th day of June, 2022

                     **DREW ECKL & FARNHAM, LLP**

                     /s/*Franklin T. Coleman, IV*
                     Franklin T. Coleman, IV
                     Georgia Bar No. 177580
                     *Attorney for Defendant*

1604 W. Third Ave.
Albany, GA 31707
(229) 431-3036
colemanf@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER AND DEFENSES OF ALBANY AND ALABAMA INDUSTRIES, INC.** using the Court's electronic filing system, which automatically sends notice to the following counsel of record:

R. Walker Garrett
Morgan & Morgan Atlanta, PLLC
408 12th St. – Suite 200
Columbus, GA 31901
wgarrett@forthepeople.com

and via electronic mail.

This 24th day of June, 2022

DREW ECKL & FARNHAM, LLP

 /s/*Franklin T. Coleman, IV*
Franklin T. Coleman, IV
Georgia Bar No. 177580
*Attorney for Defendant*

1604 W. Third Ave.
Albany, GA 31707
(229) 431-3036
colemanf@deflaw.com

12684304v1
07457-235160